UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
UNITED STATES, :
: Case No. 5:19-cr-00513-JG
      Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. 33]
JARON R. KIRKLAND, :
:
      Defendant. :
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 13, 2019, Defendant Jaron R. Kirkland pleaded guilty to Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1).[1] On December 10, 2019, Kirkland moved to withdraw his guilty plea and for the appointment of new counsel.[2] He says his attorney bullied and rushed him during his suppression hearing.[3] He also says that his attorney, on at least one occasion, was "very argumentative."[4] The Government opposes his motion.[5]

At a January 7, 2020, hearing, the Court expressed an intent to deny the motion to withdraw the guilty plea. After further consideration, the Court changes its decision and will grant the motion to withdraw Kirkland's plea. Because there seem only a limited number of witnesses, the Court will set the case for an early trial.

A defendant may withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."[6] In the Sixth Circuit, a multi-

---

[1] Doc. 28.
[2] Doc. 33.
[3] *Id.* at 1.
[4] *Id.*
[5] Doc. 35.
[6] Fed. R. Civ. P. 11(d)(2)(B).

factor balancing test governs whether to grant a motion to withdraw a guilty plea.[7] The factors to be considered include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.[8]

Here, most factors favor denying the motion to withdraw the plea. Regarding the first two, Defendant waited nearly one month before moving to withdraw, and he does not account for the delay. A one-month delay is not a significant delay.

As for the third factor, Kirkland has not maintained his innocence; indeed, his motion to withdraw does not mention innocence.[9] And suppression hearing testimony makes any Kirkland innocence claim difficult. Police testified they saw Kirkland throw a loaded firearm  Both Kirkland and the firearm were immediately taken into custody.

Fourth, there is no credible indication that the guilty-plea circumstances prevented Defendant from making a considered plea decision.[10]

As to the fifth and sixth factors, nothing in Defendant's background suggests any reason that he could not have made an informed and intelligent decision to plead guilty. As his criminal history category makes clear, Defendant has significant experience with guilty pleas and with the criminal justice system.

---

[7] *United States v. Haywood*, 549 F.3d 1049, 1052 (6th Cir. 2008).

[8] *Id.* (citing *United States v. Bashara*, 27 F. 3d 1174, 1181 (6th Cir. 1994)).

[9] Though Defendant failed to mention innocence in his withdrawal motion, Defendant belatedly asserted his innocence at the hearing on this motion.

[10] At the motion-to-withdrawal hearing, Defendant alleged that he was under the influence of K2, also known as synthetic marijuana, during the plea hearing. However, at the time of the hearing, Defendant had been incarcerated for weeks and had sworn under oath that he was under the influence of no substances.

Case No. 5:19-cr-00513-JG
Gwin, J.

The seventh factor—potential prejudice to the Government if the motion to withdraw is granted—favors Defendant. In its opposition to Defendant's motion, the Government says that it abandoned its trial preparations because of Defendant's guilty plea.[11] However, aside from this interruption in preparation, there is no argument that the Government's case would be prejudiced by granting the motion.

On January 7, 2019, the Court held a hearing on this matter and orally denied Defendant's motion.[12] Since then, the Court has reconsidered the factors and will reverse course.

Most important, the Government faces little obvious difficulty assembling the case for trial. Some work will be necessary, but with a trial likely to have fewer than five witnesses, the Government will not be prejudiced by Defendant's about-face.

Therefore, Defendant may withdraw his guilty plea and may have his jury trial.

### ORDER

Defendant's motion to withdraw his guilty plea is **GRANTED**. Considering the deterioration in the attorney-client relationship, the Court also **GRANTS** Defendant's request to be appointed new counsel. Trial is set for February 3, 2019.

IT IS SO ORDERED.

Dated: January 9, 2020         *s/ James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE

---

[11] Doc. 35 at 8.
[12] Doc. 37.